United States District Court
Southern District of Texas

**ENTERED**

August 10, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STRUCSURE HOME WARRANTY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2915 |
| | § | |
| ROBERT SULZBACH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Pending before the Court is the Respondents', Robert and Sandy Sulzbach (collectively, the "Respondents" or the "Sulzbachs"), Amended Motion to Reconsider (Doc. No. 19) this Court's earlier order compelling arbitration (Doc. No. 17). The Petitioner StrucSure Home Warranty, LLC ("Petitioner" or "StrucSure") responded (Doc. No. 20) and the Respondents replied (Doc. No. 21). The Court held a hearing and ordered further briefing, which the parties supplied (*see* Doc. Nos. 31, 32, 34). After considering the motions, briefing, and applicable law, the Court denies the motion.

### I.      Background

Robert and Sandy Sulzbach purchased a new home in Splendora, Texas from Jamera Custom Homes, Inc. ("Jamera") (Doc. No. 1-1 at 2). StrucSure is the administrator of a Limited Warranty for the home. (Doc. No. 9-1 at 2). When the Sulzbachs moved into the home, they discovered a leak, which led to the discovery of mold. (Doc. No. 1-1 at 2). The Sulzbachs notified StrucSure that they were making claims under their Limited Warranty, but StrucSure denied liability. (*Id.* at 4). The Sulzbachs then sued Jamera and StrucSure in Texas state court for breach of contract, breach of warranty, fraud, and other causes of action. *See Robert Sulzbach and Sandy Sulzbach v. Jamera Custom Homes, Inc. and Strucsure Home Warranty, LLC*, Case No. 20-03-

04145, 410th District Court, Montgomery County, Texas. StrucSure responded with a Plea in Abatement and Motion to Compel Arbitration, which the Sulzbachs opposed. (Doc. No. 10 at 7).

Thereafter, StrucSure filed a petition with this Court under 9 U.S.C. § 4[1] asking the Court to compel arbitration between the parties on the Sulzbachs' various claims against StrucSure in the state court action and to enjoin any further proceedings in the state court action. Jamera is not a party to this action. The Sulzbachs did not respond to the motion to compel. The Court granted the motion and compelled arbitration between the parties.

The Sulzbachs have now asked the Court to reconsider its decision to order the parties to arbitration. They argue that, because their home was financed through the Veterans' Administration (VA), their dispute with StrucSure falls into an exception to mandatory arbitration in their warranty agreement.

## II.    Legal Standard

Unlike Rule 59(e), which governs reconsideration of final judgments and does not permit consideration of arguments that could have been raised previously, "Rule 54(b) applies to interlocutory judgments and permits the district court 'to reconsider and reverse its decision for any reason it deems sufficient.'" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Put differently, Rule 54(b) permits a trial court to reverse its earlier decision, "even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.

---

[1] That statute provides in part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)). An order compelling arbitration is an interlocutory order, *Cargill Ferrous Intern. v. SEA PHOENIX MV*, 325 F.3d 695, 697 (5th Cir. 2003), so its reconsideration is governed by the "less exacting" standards of Rule 54(b). *Devabhaktuni v. C.P.S.*, 3:19-CV-1743-N-BT, 2020 WL 4745048, at *1 (N.D. Tex. July 16, 2020), *report and recommendation adopted*, 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020). Even so, Rule 54(b) motions are disfavored. *Barnett v. Wells Fargo Bank, N.A.*, 4:19-CV-821, 2020 WL 3972535, at *2 (S.D. Tex. July 14, 2020).

### III.   Analysis

The Sulzbachs argue that there are good reasons for the Court to reconsider its order compelling arbitration. They argue the dispute falls into an exception to mandatory arbitration provided in the warranty agreement. The ultimate paragraph of the Section 17 ("Arbitration") of the Home Warranty Agreement provides:

> Note: For Homes With FHA/VA Financing Only:

> For Homes with the original FHA or VA financing only, and notwithstanding anything written above, You may elect judicial resolution of any disputes as an alternative to the Arbitration provision set forth in this Express Limited Warranty. Note that if you choose arbitration, you are bound by the decision.

(Doc. No. 9-1 at 35). It is undisputed that the Sulzbachs purchased their home using VA financing in August of 2018 and refinanced the home through the VA in June of 2019. (*See* Doc. No. 19-3 ¶ 7–8, Declaration of Robert Sulzbach). The Sulzbachs ague that: (1) originally financing through the VA and then refinancing also through the VA constitutes "original" financing under the arbitration exception above; and (2) even if their current financing is not the "original" financing, the "original" requirement in the clause only applies to "FHA [Federal Housing Administration] financing" and not "VA financing," so their financing does not need to be original as long as it is

3

VA financing. They also argue that, regardless of the exception to arbitration provided in the Warranty Agreement, a regulation in effect at the time they entered into the Warranty Agreement requires that StrucSure provide for judicial resolution of disputes for any person with VA financing.

First, the Sulzbachs argue that their home should still be considered to have "original" VA financing because they refinanced through the VA as well. This argument is persuasive from a policy perspective: if the purpose of the exception is to provide the option of judicial resolution of disputes when the homeowner financed through the VA, why would refinancing, especially here where it was through the VA, end this protection? Nevertheless, if the clause was meant to have the interpretation advocated by the Sulzbachs, there would be no need to have the term "original" at all. Their interpretation would essentially nullify the term "original" in the clause altogether, which is disfavored in contract construction. *In re Isbell Records, Inc.*, 586 F.3d 334, 337 (5th Cir. 2009) ("A contract should be interpreted as to give meaning to all of its terms.") (alterations omitted). Accordingly, this argument fails.

Next, the Sulzbachs argue that, even if their home is not considered to have original financing because they refinanced it, the clause only requires that FHA-financed homes have original financing, not VA-financed homes. According to the Sulzbachs, the term "original" in the clause above only modifies FHA financing, and not VA financing. In support of this contention, the Sulzbachs point to the clause's heading, which does not contain the term "original," and to the rule of contract construction that contracts be construed against the drafter.

The Court does not find this argument persuasive. A plain reading of the clause indicates that "original" applies to both FHA and VA financing. The terms "original," "FHA," and "VA" are all adjectives modifying "financing." Adjectives can only modify nouns. *See Weyerhaeuser*

*Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 368 (2018) ("Adjectives modify nouns—they pick out a subset of a category that possesses a certain quality."). The disjunctive "or" separates "FHA" and "VA," indicating that disputes over homes with either type of financing qualify for judicial resolution. Conversely, there is no disjunctive following "original," indicating that it applies to any financing. Accordingly, the option of judicial resolution applies to homes with "original FHA financing" *or* "original VA financing." The absence of the term "original" from the clause's heading does not change this result because, "although courts may consider the title of a contract provision or section to interpret a contract, the greater weight must be given to the operative contractual clauses of the agreement." *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 121 (Tex. 2015) (quotations omitted). Further, the Court finds that the clause is unambiguous in its application only to homes with original financing, so there is no reason to construe it against the drafter. *See Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990) (Gonzalez, J., concurring) (recognizing that only "inconsistent or ambiguous provisions of an insurance policy will be construed against" the drafter).

This holding is also supported by common sense. The Sulzbachs' reading of the warranty provision would produce the result that all homes with VA financing have the option of judicial resolution, but only homes with *original* FHA financing have the option. The Sulzbachs have not advanced any argument as to why the parties would have intended this unusual result, and the Court can think of none.

Last, the Sulzbachs argue that, regardless of the language of the warranty, StrucSure is required by regulations to provide them a judicial resolution for disputes arising from their VA refinanced home. The regulation (which has been repealed but was in place at the time the parties executed the warranty) appears in a list of requirements that the Department of Housing and Urban

Development (HUD) must consider to approve insured ten-year protection plans, which are warranty agreements for homes with mortgages insured by HUD, such as those financed through the FHA or VA. *See* 24 C.F.R. § 203.200. The relevant regulation provides:

> A Plan must contain pre-arbitration conciliation provisions at no cost to the homeowner, *and a provision for judicial resolution of disputes*, but arbitration, which must be available to a homeowner during the entire term of the coverage contract, must be an assured recourse for a dissatisfied homeowner.

24 C.F.R. § 203.204(g) (rescinded March 2019) (emphasis added). According to the Sulzbachs, the effect of this regulation is that, regardless of the warranty agreement's language, StrucSure is required by the regulation to provide for judicial resolution of their dispute with the Sulzbachs.

The Sulzbachs over-read this provision. As stated previously, the above regulation is not written as a standalone requirement to the effect that warranty companies must offer judicial resolution to certain homeowners in the warranty agreement. Instead, the regulation is written as a requirement that *the agency* (HUD) require certain provisions when determining whether to approve housing warranty agreements. Here, the warranty agreement at issue was approved by HUD.[2] Therefore, the Sulzbachs' statutory challenge to the mandatory arbitration provision in this case is really an argument that HUD's approval of the warranty agreement was erroneous. This amounts to an improper collateral attack on an agency determination. *See Fed. Sav. & Loan Ins. Corp. v. Locke*, 718 F. Supp. 573, 586 (W.D. Tex. 1989) (Bank Board's determination of "worthlessness" of claims was a final agency action subject to review under the Administrative Procedure Act (APA), and not subject to collateral attack though a lawsuit). Moreover, even if true it does not necessarily provide an avenue for relief for the Sulzbachs.

---

[2] StrucSure has asked that this Court take judicial notice of the approval and has provided the governmental websites with the relevant information as various exhibits to demonstrate that fact (*See* Doc. No. 32, Exs. A, B, C, D). "[G]overnmental websites are proper sources for judicial notice." *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020). The Court therefore overrules the Sulzbachs' Rule 403 objection to this request.

HUD is entitled to deference in its decision to approve the warranty agreement provided by StrucSure, including the arbitration provision with an unambiguous exception only for homes with original FHA or VA financing. HUD apparently viewed StrucSure's warranty agreement as complying with the relevant regulations. If the Sulzbachs believe this was an incorrect conclusion by HUD, the APA provides the vehicle to challenge it. They are not permitted to collaterally attack that determination by challenging the Court's order to arbitrate now. More importantly, regardless of the correctness of HUD's conclusion, the regulation in question does not compel the conclusion that the arbitration provision is illegal or contrary to public policy.

## IV.    Conclusion

For the foregoing reasons, the Court hereby denies the Sulzbachs' Amended Motion to Reconsider (Doc. No. 19) and the related motions (Doc. Nos. 31 & 34). The Court's previous order compelling the parties to arbitration remains in effect. (Doc. No. 17).

Signed at Houston, Texas, this _10_ day of August, 2021.

Andrew S. Hanen
United States District Judge